**WO**                                                                          JKM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Maria L. Villajin, | ) | No. CV 08-0839-PHX-DGC (ECV) |
| Petitioner, | ) ) | **ORDER** |
| vs. | ) ) | |
| Michael Mukasey, | ) ) | |
| Respondent. | ) ) | |

On June 18, 2008, the Court entered a Temporary Stay of Removal enjoining Petitioner's removal from the United States until Monday, July 7, 2008. On July 3, 2008, the Court extended the stay of removal until 5:00 p.m. on Tuesday, July 8, 2008. After considering the parties' briefs, the Court will grant Petitioner's request for a stay of removal and require further action and briefing from the parties.

**I.      Background.**

Petitioner is a native and citizen of the Philippines who was admitted to the United States on April 21, 1981, as a visitor for pleasure. On October 3, 1985, Petitioner adjusted her status to that of a lawful permanent resident. On July 27, 2006, Petitioner pleaded guilty to three California offenses: (1) commercial burglary in violation of California Penal Code (CPC) § 460(b); (2) grand theft in violation of CPC § 487(a); and (3) forgery in violation of CPC § 470(d). Petitioner was sentenced to consecutive terms of sixteen months in prison on each count.

Petitioner represented herself in her immigration proceedings and on August 1, 2007, an Immigration Judge (IJ) entered an order for her removal from the United States. The IJ

1   found that Petitioner was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because her

2   CPC § 460(b) commercial burglary conviction qualified as an aggravated felony under

3   8 U.S.C. § 1101(a)(43)(G) ("a theft offense . . . or burglary offense for which the term of

4   imprisonment [is] at least one year") and because her CPC § 470(d) forgery conviction

5   qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(R) ("an offense relating to

6   commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification

7   numbers of which have been altered for which the term of imprisonment is at least one

8   year").     The IJ further found that Petitioner was removable under 8 U.S.C.

9   § 1227(a)(2)(A)(ii) because her California convictions qualified as convictions for two

10  separate crimes involving moral turpitude.  The IJ also found that Petitioner's aggravated

11  felony convictions made her ineligible for cancellation of removal under 8 U.S.C.

12  § 1229b(a).  Petitioner reserved the right to appeal, but she did not file a timely appeal to the

13  Board of Immigration Appeals (BIA).

14       Petitioner subsequently retained counsel and filed a motion to reopen with the IJ on

15  September 12, 2007.   Petitioner argued that her CPC § 460(b) commercial burglary

16  conviction did not qualify as an aggravated felony and that she was, therefore, eligible for

17  cancellation of removal. On September 28, 2007, the IJ denied Petitioner's motion to reopen.

18  On October 18, 2007, Petitioner's counsel filed a timely appeal to the BIA on her behalf.  On

19  January 8, 2008, the BIA dismissed Petitioner's appeal.   The BIA held that it was

20  unnecessary to decide whether Petitioner's commercial burglary conviction qualified as an

21  aggravated felony because her forgery conviction qualified as an aggravated felony under

22  8 U.S.C. § 1101(a)(43)(R), and that conviction alone made her removable and ineligible for

23  cancellation of removal.

24       On February 25, 2008, Petitioner filed a *pro se* petition for review with the United

25  States Court of Appeals for the Ninth Circuit.  On April 18, 2008, the Ninth Circuit dismissed

26  the petition for lack of jurisdiction because it was not filed within thirty days of the issuance

27  of the BIA's order. <u>Villajin v. Mukasey</u>, No. 08-70764 (9th Cir. April 18, 2008).  The Ninth

28  Circuit noted, however, that the petition was dismissed "without prejudice to the filing of a

1  motion to reissue with the BIA, see Singh v. Gonzales, 494 F.3d 1170, 1172 (9th Cir. 2007),

2  or a petition for writ of habeas corpus with respect to ineffective assistance of counsel in the

3  district court, see Singh v. Gonzales, 499 F.3d 969 (9th Cir. 2007)." Id. The Ninth Circuit

4  issued its mandate on May 12, 2008. Id.

5       On May 1, 2008, Petitioner filed the underlying Petition for Writ of Habeas Corpus.

6  Petitioner presents two claims in support of her Petition.  First, she claims that the BIA

7  should have granted her appeal from the denial of her motion to reopen because none of her

8  California convictions qualify as aggravated felonies.  Second, Petitioner claims that her

9  retained counsel provided her with ineffective assistance by failing to timely notify her of the

10  BIA's decision. Petitioner asserts that her attorney faxed the January 8, 2008 BIA decision

11  to her friend on February 20, 2008, after the deadline for her appeal had run.

12       On June 2, 2008, Petitioner filed a Motion for Stay of Removal, seeking an order

13  prohibiting Respondent from removing her from the United States until her underlying

14  Petition is resolved.  On June 9, 2008, the Court denied Petitioner's Motion for Stay of

15  Removal without prejudice, but required Respondent to file a notice of intent to remove if

16  he intended to remove Petitioner before the Petition could be resolved.  On June 12, 2008,

17  Respondent filed a Notice of Intent to Remove, indicating that the Government intended to

18  remove Petitioner to the Philippines on June 20, 2008.  On June 13, 2008, Respondent filed

19  a Response in Opposition to Request for Stay of Removal and Response in Opposition to

20  Motion for Writ of Habeas Corpus.  On June 18, 2008, the Court issued a Temporary Stay

21  of Removal to give Petitioner an opportunity to renew her request for a stay of removal.  On

22  July 2, 2008, Petitioner filed a Reply to Respondent's Opposition to Request for Stay of

23  Removal.  Today, Petitioner also filed a Supplement to her Reply addressing Respondent's

24  exhaustion argument.  The temporary stay of removal is set to expire this afternoon.

25  **II.    Jurisdiction.**

26       Under the REAL ID Act of 2005,  Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005),

27  the district courts no longer have habeas corpus jurisdiction to review a final order of

28  removal. 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law . . ., including

section 2241 of Title 28, or any other habeas corpus provision, . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."); Iasu v. Smith, 511 F.3d 881, 888 (9th Cir. 2007) (after the effective date of the REAL ID Act, a "district court plainly lack[s] habeas jurisdiction" to review removal orders).   The Court is, therefore, without jurisdiction to consider Petitioner's first claim for relief because it directly challenges the merits of her final order of removal.

Petitioner's second claim for relief, however, does not challenge the merits of her removal order.  Petitioner claims that her attorney provided her with ineffective assistance of counsel by failing to timely notify her of the BIA's decision on her appeal from the denial of her motion to reopen.  Success on that claim would not undermine the merits of her underlying final order of removal – it would only entitle her to an order directing the BIA to reenter its order dismissing her appeal, thereby restarting the thirty-day deadline for filing a petition for review with the Ninth Circuit.  See Singh, 499 F.3d 969 at 979.  The REAL ID Act therefore does not deprive this Court of jurisdiction to consider Petitioner's second claim for relief.  See Singh, 499 F.3d 969 at 980.

**III.   Preliminary Stay of Removal.**

**A.   Standard.**

The standard for a stay of removal is the same as the standard for a preliminary injunction.  Andreiu v. Ashcroft, 253 F.3d 477 (9th Cir. 2001) (*en banc*); Abbassi v. INS, 143 F.3d 513, 514 (9th Cir. 1998); see also Maharaj v. Ashcroft, 295 F.3d 963, 966 (9th Cir. 2002) (applying the same standard to motions for stay of removal pending appeal from a decision denying an alien's habeas petition).  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright et al., Federal Practice and Procedure § 2948, at 129-30 (2d ed. 1995)).  A party seeking a stay of removal must demonstrate "'either (1) a probability of success on the merits and the possibility of irreparable injury, or (2) that serious legal

questions are raised and the balance of hardship tips sharply in [its] favor.'" <u>Andreiu</u>, 253 F.3d at 483 (quoting <u>Abbassi</u>, 143 F.3d at 514). "'These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.'" <u>Andreiu</u>, 253 F.3d at 483 (quoting <u>Abbassi</u>, 143 F.3d at 514). However, if the applicant shows no chance of success on the merits, the injunction should not issue. <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987).

**B.    Balance of Hardships.**

In her Motion for Stay of Removal, Petitioner argued that her removal would cause her irreparable harm because she is a single mother who would be forcibly separated from her three United States citizen children. Respondent's brief does not address the hardship issue. The Court, therefore, finds that Petitioner's imminent removal from the United States tips the balance of hardships sharply in her favor.

**C.    Serious Question on the Merits.**

"For the purposes of injunctive relief, 'serious questions' refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo. Serious question are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'" *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc) (quoting *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1952) (Frank, J.)). For the reasons explained below, this case presents serious questions.

Petitioner claims that her former counsel prevented her from filing a timely petition for review in the Ninth Circuit by failing to give her timely notice of the BIA's dismissal of her appeal from the denial of her motion to reopen. Petitioner claims that her former attorney faxed a copy of the BIA's decision to her friend on February 20, 2008 – more than a week

1    after expiration of the deadline for the filing of a petition for review with the court of appeals.

2

3          An alien's constitutional right to the effective assistance of counsel in the immigration

4    context derives from the Fifth Amendment guarantee of due process. Rojas-Garcia v.

5    Ashcroft, 339 F.3d 814, 824 (9th Cir. 2003). "An alien's due process rights are violated

6    when ineffective assistance rendered 'the proceeding . . . so fundamentally unfair that the

7    alien was prevented from reasonably presenting his case.'" Id. (quoting Lopez v. INS, 775

8    F.2d 1015, 1017 (9th Cir. 1985). To succeed on a claim that counsel provided ineffective

9    assistance by depriving the alien of an appellate proceeding, the alien must satisfy three

10   requirements. Rojas-Garcia, 339 F.3d at 824-26. First, the alien must demonstrate that she

11   has substantially complied with the procedural prerequisites to an ineffective assistance of

12   counsel claim set forth in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). Rojas-Garcia,

13   339 F.3d at 824-25. Second, the alien must show prejudice. Although prejudice is presumed

14   "when counsel's error 'deprives the alien of the appellate proceeding entirely,'" the

15   presumption is rebuttable. Id. at 826 (quoting Dearinger ex rel. Volkova v. Reno, 232 F.3d

16   1042, 1045 (9th Cir. 2000). Third, to avoid rebuttal of the presumption of prejudice, "the

17   alien must 'show plausible grounds for relief.'" Rojas-Garcia, 339 F.3d at 826 (quoting

18   Dearinger, 232 F.3d at1046). The Court will address each of these elements briefly.

19                    **1.    Compliance with Lozada.**

20         Under Lozada, an alien alleging ineffective assistance of counsel must: "(1) provide

21   an affidavit describing in detail the agreement with counsel; (2) inform counsel of the

22   allegations and afford counsel an opportunity to respond; and (3) report whether a complaint

23   of ethical or legal violations has been filed, and if not, why." Melkonian v. Ashcroft, 320

24   F.3d 1061, 1071-72 (9th Cir. 2003). Petitioner does not claim to have complied with all of

25   the Lozada requirements. Instead, she suggests that she need not comply with those

26   requirements because the Ninth Circuit made no mention of Lozada in Dearinger. But the

27   Ninth Circuit recently explained that an alien raising a Dearinger-type claim is not excused

28   from substantially complying with the Lozada requirements:

> Dearinger held only that where, as here, an alien is prevented from filing an appeal in an immigration proceeding due to counsel's error, the alien may seek habeas review in a district court without filing a motion to reopen. Dearinger did not address the issue of Lozada. Although the requirements of Lozada are not rigidly applied, especially when the record shows a clear and obvious case of ineffective assistance, an alien generally must satisfy the procedural requirements of Lozada.

Singh, 499 F.3d at 979 n.12 (internal quotation omitted).

The first Lozada requirement has been substantially satisfied in this case. Although Petitioner has not filed an affidavit describing in detail her agreement with her former counsel, it is undisputed that counsel represented her on her appeal to the BIA. Respondent argues that Petitioner has not met the first Lozada requirement because she has not demonstrated that her former counsel was retained to represent her on appeal to the Ninth Circuit. But Petitioner does not claim that counsel was ineffective in failing to timely file an appeal to the Ninth Circuit; she claims that counsel was ineffective in failing to give her timely notice of the BIA's decision so that *she* could file a timely appeal *pro se*. The undisputed record, therefore, substantially satisfies the first Lozada requirement because it is apparent that counsel's agreement to represent Petitioner before the BIA obliged him to provide Petitioner with timely notice of the BIA's decision.

Petitioner has not demonstrated substantial compliance with the other two Lozada requirements, but the Court concludes that her ineffective assistance claim nonetheless raises serious questions – questions warranting more deliberative consideration. On the present record, it is undisputed that counsel represented Petitioner before the BIA and failed to provide the timely notice of the BIA's decision. Given this clear appearance of ineffective assistance, the fact that Petitioner is proceeding *pro se*, and the fact that the Lozada requirements are not "rigidly applied" in this Circuit, Singh, 499 F.3d at 979 n.12, the Court concludes that the status quo should be maintained while the Court considers the issues of this case more fully. The Court will, however, require Petitioner to comply with the second and third elements of Lozada or explain why she is unable to do so.

1

### 2.    Presumed Prejudice.

2          As noted above, prejudice is presumed "when counsel's error 'deprives the alien of

3    the appellate proceeding entirely.'"  <u>Rojas-Garcia</u>, 339 F.3d at 826 (quoting <u>Dearinger</u>, 232

4    F.3d at 1045.  Petitioner alleges that her counsel failed to provide notice of the BIA decision

5    until after the time for appeal had expired, depriving her entirely of her right to appeal and

6    giving rise to the presumption of prejudice.  Respondent seeks to rebut the presumption by

7    arguing that the BIA was clearly correct in deciding that Petitioner's forgery conviction

8    constituted an aggravated felony, but in making this argument Respondent has failed to

9    address two key issues.

10          First, although Respondent argues that Petitioner's CPC § 470(d) conviction is a

11   categorical match for the federal definition of an aggravated felony under 8 U.S.C.

12   § 1101(a)(43)(R), he fails to fully address the elements of the California forgery statute that

13   may be broader than the federal common law definition of forgery.  "The essential elements

14   of the common law crime of forgery are '(1) a false *making* of some instrument in writing;

15   (2) a fraudulent intent; [and] (3) an instrument apparently capable of effecting a fraud."

16   <u>Vizcarra-Ayala v. Mukasey</u>, 514 F.3d 870, 874 (9th Cir. 2008) (emphasis added) (quoting

17   <u>Morales -Alegria v. Gonzales</u>, 449 F.3d 1051, 1055 (9th Cir. 2006)).  On its face, CPC

18   § 470(d) encompass crimes that do not fit within the common law definition of forgery.  The

19   California statute provides: "*Every person who, with the intent to defraud,* falsely makes,

20   alters, forges, or counterfeits, utters, publishes, *passes* or attempts or offers to pass, *as true*

21   *and genuine, any of the following items, knowing the same to be false, altered, forged, or*

22   *counterfeited, is guilty of forgery*: [listing instruments]."  Cal. P. Code § 470(d) (2005)

23   (emphasis added).  Because a person may "pass" a forged document without having "made"

24   the document, the statute would appear to encompass an offense that does not share the first

25   element of the common law forgery offense.  The same potential problem arises in the

26   context of a modified categorical approach because Petitioner pleaded guilty to a charge that

27   she "did willfully and unlawfully, with the intent to defraud, falsely make, alter, forge or

28   counterfeit, utter publish, pass or attempt to offer to pass, as true and genuine, checks totaling

1   $1,600.00 knowing the same to be false, altered or counterfeited." Dkt. #8-3 at 9 (emphasis
2   added). Respondent will be required to address this issue in additional briefing.

3        Second, even if CPC § 470(d) covers offenses that do not fall under common law
4   forgery, Respondent has not explained whether 8 U.S.C. § 1101(a)(43)(R) itself extends to
5   offenses that do not fall under the strict common law definition of forgery. Specifically, the
6   statute defines as an aggravated felony "an offense **relating** to . . . **forgery** . . . for which the
7   term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(R) (emphasis added).
8   Respondent will be required to brief the question of whether an "offense relating to forgery"
9   includes a person who "passes" a document forged by another person.

10                  **3.     The Plausibility of Petitioner's Argument.**

11       Petitioner can avoid rebuttal of the presumption of prejudice by showing "'plausible
12   grounds for relief.'" Rojas-Garcia, 339 F.3d at 826 (quoting Dearinger, 232 F.3d at1046).
13   The plausibility of Petitioner's position turns in part on the two statutory questions addressed
14   above – questions not addressed by either party. The Court will require Petitioner to address
15   these issues on the same schedule as Respondent.

16       **IT IS ORDERED:**

17       1.    Petitioner's application for a preliminary injunction is **granted**. Respondent
18             shall take no action to remove Petitioner from the United States until further
19             order of this Court.

20       2.    Within 30 days of the date of this order, Petitioner shall comply with the
21             second and third elements of Lozada: "(2) inform counsel of the allegations
22             and afford counsel an opportunity to respond; and (3) report whether a
23             complaint of ethical or legal violations has been filed, and if not, why."
24             Melkonian, 320 F.3d at 1071-72. The Court recommends that Petitioner
25             provide her former counsel with a copy of this order, and do so in time for
26             counsel to respond to her allegations by **August 8, 2008**.

27       3.    On or before **August 8, 2008**, Respondent and Petitioner shall file
28             supplemental memoranda addressing the two statutory issues identified above.

4.      The reference to Magistrate Judge Voss is **withdrawn** with respect to the memoranda to be filed by the parties on **August 8, 2008** and any response from Petitioner's former counsel.

DATED this 8th day of July, 2008.

David G. Campbell
United States District Judge