JKM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria L. Villajin,  Petitioner,  vs.  Michael Mukasey,  Respondent. | No. CV 08-0839-PHX-DGC (ECV)  **ORDER** |

On July 8, 2008, the Court granted Petitioner's request for a preliminary stay of removal pending resolution of her underlying Petition for Writ of Habeas Corpus. (Doc. #14.) The Court expressed concern, however, about issues that were not addressed by the parties, and so required additional briefing. The underlying Petition has been referred to Magistrate Judge Edward C. Voss for a report and recommendation, but the reference was withdrawn with respect to the additional briefing.

When it granted a preliminary stay of removal in this case, the Court relied on the standard for stays set forth in Andreiu v. Ashcroft, 253 F.3d 477 (9th Cir. 2001) (*en banc*). That standard was recently partially repudiated by the Supreme Court in Nken v. Holder, No. 08-681, 2009 WL 1065976 (U.S. Apr. 22, 2009). In light of the parties' additional briefing and the newly announced standard for stays of removal, the Court will vacate the preliminary stay of removal.

**I.     Background.**

Petitioner is a native and citizen of the Philippines who was admitted to the United States as a visitor for pleasure on April 21, 1981. On October 3, 1985, Petitioner adjusted

1  her status to that of a lawful permanent resident. On July 27, 2006, Petitioner pleaded guilty
2  to three California offenses: (1) commercial burglary in violation of California Penal Code
3  (CPC) § 460(b); (2) grand theft in violation of CPC § 487(a); and (3) forgery in violation of
4  CPC § 470(d). Petitioner was sentenced to consecutive terms of sixteen months in prison on
5  each count.

6      Petitioner represented herself in her immigration proceedings and on August 1, 2007,
7  an Immigration Judge (IJ) entered an order for her removal from the United States. The IJ
8  found that Petitioner was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because her
9  CPC § 460(b) commercial burglary conviction qualified as an aggravated felony under
10 8 U.S.C. § 1101(a)(43)(G) ("a theft offense . . . or burglary offense for which the term of
11 imprisonment [is] at least one year") and because her CPC § 470(d) forgery conviction
12 qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(R) ("an offense relating to
13 commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification
14 numbers of which have been altered for which the term of imprisonment is at least one
15 year"). The IJ also found that Petitioner was removable under 8 U.S.C. § 1227(a)(2)(A)(ii)
16 because her California convictions qualified as convictions for two separate crimes involving
17 moral turpitude. The IJ found that Petitioner's aggravated felony convictions made her
18 ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). Petitioner reserved the
19 right to appeal, but she did not file a timely appeal to the Board of Immigration Appeals
20 (BIA).

21     Petitioner subsequently retained counsel and filed a motion to reopen with the IJ on
22 September 12, 2007. Petitioner argued that her CPC § 460(b) commercial burglary
23 conviction did not qualify as an aggravated felony and that she was, therefore, eligible for
24 cancellation of removal. On September 28, 2007, the IJ denied Petitioner's motion to reopen.
25 On October 18, 2007, Petitioner's counsel filed a timely appeal to the BIA on her behalf. On
26 January 8, 2008, the BIA dismissed Petitioner's appeal. The BIA held that it was
27 unnecessary to decide whether Petitioner's commercial burglary conviction qualified as an
28

1  aggravated felony because her forgery conviction qualified as an aggravated felony under
2  8 U.S.C. § 1101(a)(43)(R), making her removable and ineligible for cancellation of removal.
3        On February 25, 2008, Petitioner filed a *pro se* petition for review with the United
4  States Court of Appeals for the Ninth Circuit. On April 18, 2008, the Ninth Circuit dismissed
5  the petition for lack of jurisdiction because it was not filed within thirty days of the issuance
6  of the BIA's order. Villajin v. Mukasey, No. 08-70764 (9th Cir. April 18, 2008). The Ninth
7  Circuit noted, however, that the petition was dismissed "without prejudice to the filing of a
8  motion to reissue with the BIA, see Singh v. Gonzales, 494 F.3d 1170, 1172 (9th Cir. 2007),
9  or a petition for writ of habeas corpus with respect to ineffective assistance of counsel in the
10 district court, see Singh v. Gonzales, 499 F.3d 969 (9th Cir. 2007)." Id. The Ninth Circuit
11 issued its mandate on May 12, 2008. Id.
12       On May 1, 2008, Petitioner filed this Petition for Writ of Habeas Corpus and
13 presented two claims in support of the Petition. First, she claimed that the BIA should have
14 granted her appeal from the denial of her motion to reopen because none of her California
15 convictions qualify as aggravated felonies. Second, Petitioner claimed that her retained
16 counsel provided her with ineffective assistance by failing to timely notify her of the BIA's
17 decision. Petitioner asserted that her attorney faxed the January 8, 2008 BIA decision to her
18 friend on February 20, 2008, after the deadline for her appeal had run.
19       On July 7, 2008, the Court found that it was without jurisdiction to consider
20 Petitioner's first claim for relief, but that it retained jurisdiction over Petitioner's second
21 claim. (Doc. #14.) The Court also granted Petitioner's application for a preliminary stay of
22 removal. (Id.) The Court's ruling on the stay of removal, however, was tentative. The Court
23 required Petitioner to comply with the second and third elements of Matter of Lozada, 19 I.
24 & N. Dec. 637 (BIA 1988), by informing her former counsel of her allegations and giving
25 him an opportunity to respond, and by reporting whether she has filed a complaint against
26 her former counsel with the state bar association. The Court also required the parties to brief
27 two questions regarding whether Petitioner's CPC § 470(d) conviction is a categorical match
28 for a forgery conviction under 8 U.S.C. § 1101(a)(43)(R): (1) whether *passing* a forged

- 3 -

1 document as prohibited by CPC § 470(d) meets the federal common law definition of
2 forgery; and (2) whether the provision in § 1101(a)(43)(R) defining as an aggravated felony
3 "offenses *relating to . . . forgery*" encompasses *passing* a forged document as prohibited in
4 § 470(d). The parties have briefed the issues raised by the Court.

5 **II.     Motion to Strike and Objection.**

6      The Court required the parties to brief the statutory issues raised by the Court on or
7 before August 8, 2008. (Doc. #14 at 9.) Petitioner's Supplemental Memorandum (Doc. #15)
8 was filed on August 11, 2008, but under the prisoner "'mailbox rule,' . . . a legal document
9 is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail."
10 Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002); see also Jones v. Blanas, 393 F.3d 918,
11 926 (9th Cir. 2004) (the "prisoner mailbox rule" applies to civil detainees). Giving Petitioner
12 the benefit of the doubt, and assuming that she delivered her Memorandum to detention
13 officials for mailing on the same date that she signed it – August 5, 2009 – it will be deemed
14 timely filed.

15      On August 22, 2008, Respondent filed a Motion to Accept Late Filing (Doc. #17),
16 asking for permission to file his Supplemental Brief (lodged at Doc. #18) after expiration of
17 the deadline set by the Court. Magistrate Judge Voss granted Respondent's Motion and his
18 Supplemental Brief was filed at Doc. #20. (Doc. #19). Petitioner has filed a Motion to Strike
19 Respondent's Supplemental Brief (Doc. #23) because Respondent's reasons for the delay do
20 not justify the late filing. Petitioner has also filed a Supplement to her Motion (Doc. #21),
21 objecting to the Magistrate Judge's order granting Respondent leave to file late. In her
22 Supplement, Petitioner argues that the Magistrate Judge was without jurisdiction to grant
23 Respondent's Motion because the supplemental briefing was not referred to the Magistrate
24 Judge.

25      An objection to the determination of a pretrial, non-dispositive matter by a magistrate
26 judge is reviewed by the district judge under a "clearly erroneous or contrary to law"
27 standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This entire case, with the
28 exception of the supplemental briefing, was referred to the Magistrate Judge for all pretrial

- 4 -

1 proceedings pursuant to 28 U.S.C. § 636(b)(1)(A), and for a report and recommendation on
2 the merits of the underlying petition pursuant to 28 U.S.C. § 636(b)(1)(B).  The Court
3 retained jurisdiction over the supplemental briefing because its ruling on Petitioner's
4 application for a preliminary stay of removal was tentative and still under consideration. The
5 Magistrate Judge's ruling on Respondent's Motion for Late Filing was, therefore, not
6 inconsistent with the reference of authority granted by the Court – the substance of
7 Petitioner's request for a preliminary stay of removal remains pending before this Court.
8 Additionally, the ruling by the Magistrate Judge was not clearly erroneous because
9 Respondent demonstrated "excusable neglect" for his late filing as required by Rule 6(b)(2)
10 of the Federal Rules of Civil Procedure.  Accordingly, Petitioner's Motion to Strike will be
11 denied and her objection will be overruled.

**III.   Preliminary Stay of Removal.**

   **A.   Standard.**

The law regarding the standard for a stay of removal has changed since this Court last addressed the issue.  The standard for a stay of removal now requires consideration of four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  Nken, 2009 WL 1065976 at *11 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  The petitioner bears the burden of persuasion.  Nken, 2009 WL 1065976 at *11.  "The first two factors . . . are the most critical."  Id.  It is not enough for a petitioner to show "a mere 'possibility' of relief" to satisfy the first factor.  Id.  Nor is it enough for a petitioner to "simply show[] some 'possibility of irreparable injury'" in order to satisfy the second factor. Id. (Quoting Abbassi v.INS, 143 F.3d 513, 514 (9th Cir. 1998)).

   **B.   Irreparable Injury.**

Removal from the United States is not a categorically irreparable injury.  Nken, 2009 WL 1065976 at *12.  Petitioner's removal will not render her habeas corpus action moot.

See Zegarra-Gomez v. INS, 314 F.3d 1124 (9th Cir. 2003) (where a habeas petitioner is deported after the petition was filed, the fact of deportation does not render the habeas petition moot where there are collateral consequences arising from the deportation; an administrative determination that an alien is an aggravated felon gives rise to sufficient collateral consequences). Accordingly, a stay applicant must show something more than the burden of removal alone. Nken, 2009 WL 1065976 at *12.

In her original Motion for Stay of Removal (Doc. #3), Petitioner argued that her removal would cause her irreparable harm because she is a single mother who would be forcibly separated from her three United States citizen children. Separation from her children is unquestionably a hardship. But Petitioner has been separated from her children for years during her imprisonment in California and during her immigration detention in Arizona, so the hardship she would suffer, though made worse by distance, is not a substantial change from her current circumstances. Moreover, if Petitioner ultimately succeeds on the merits of her claims, she can be reunited with her children. Nken, 2009 WL 1065976 at *12 (aliens who eventually prevail "can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal"). The Court, therefore, finds that Petitioner has failed to demonstrate that she will suffer irreparable injury if she is removed before her Petition is resolved.

**C.  Likelihood of Success on the Merits.**

To obtain a stay of removal, Petitioner must demonstrate a strong showing that she is likely to succeed on the merits. A "mere possibility of relief" is not enough. Nken, 2009 WL 1065976 at *11. In light of the parties' supplemental briefs, the Court finds that Petitioner has failed to demonstrate a strong showing that she is likely to succeed on the merits.

Petitioner claims that her former counsel prevented her from filing a timely petition for review in the Ninth Circuit by failing to give her timely notice of the BIA's dismissal of her appeal from the denial of her motion to reopen. Petitioner originally claimed that her former attorney faxed a copy of the BIA's decision to her friend on February 20, 2008 –

1 more than a week after expiration of the deadline for the filing of a petition for review with
2 the court of appeals. But in his response to Petitioner's complaint to the Sate Bar of Arizona
3 (attached as Exhibit 1 to Petitioner's Supplemental Brief, Doc. #16), Petitioner's former
4 counsel disputes Petitioner's account.

5 According to Petitioner's former counsel, John M. Pope, he was contacted by
6 Petitioner's fiancé, Felix Robertson, Jr., after the time to appeal from the IJ's removal order
7 had run. Mr. Pope was subsequently retained by Petitioner and filed a motion to reopen and
8 an application for cancellation of removal with the IJ on her behalf. After the IJ denied the
9 motion to reopen, Mr. Pope filed a timely appeal to the BIA. According to Mr. Pope, when
10 the BIA dismissed Petitioner's appeal, he immediately contacted Mr. Robertson and also
11 visited Petitioner in the Pinal County jail. Mr. Pope claims that Petitioner asked him to deal
12 with Mr. Robertson because she would rely on him to finalize arrangements with Mr. Pope's
13 firm. Mr. Pope also asserts that he prepared a petition for review and a motion for stay of
14 removal on Petitioner's behalf and was prepared to file the papers with the Ninth Circuit as
15 soon as Petitioner tendered the $450.00 filing fee. According to Mr. Pope, Mr. Robertson
16 repeatedly promised to deliver the filing fee, but failed to do so.

17 On the day before the petition for review was due, Mr. Robertson again promised to
18 bring the filing fee, but later called to say that he did not have the money. In response, Mr.
19 Pope told Mr. Robertson to come and pick up a copy of the petition for review, which could
20 then be filed *pro se* by Petitioner. According to Mr. Pope, Mr. Robertson never came to get
21 the papers. More than a week later, Petitioner sent a letter to Mr. Pope requesting her file.
22 Mr. Pope claims that Petitioner still owes more than half of the amount due for the original
23 motion to reopen, and that Petitioner was charged only the $110.00 filing fee for the appeal
24 to the BIA and would have been charged only the $450.00 filing fee for the petition for
25 review to the Ninth Circuit.

26 After Mr. Pope submitted his explanation to the State Bar of Arizona, Petitioner's bar
27 complaint was closed. (Doc. #16, Ex. 2.) Petitioner does not dispute Mr. Pope's explanation
28 of the events surrounding her untimely petition for review to the Ninth Circuit. Instead, she

1  argues that Mr. Pope was obliged to not only visit her in jail, but also to deliver a copy of the
2  BIA's decision. But she does not explain how delivery of the BIA's decision would have
3  made any difference in her case.
4       In light of Petitioner's supplemental briefs and exhibits, the Court finds that Petitioner
5  has failed to demonstrate that she is likely to succeed on the merits of her claim that her
6  attorney provided ineffective assistance by failing to give her timely notice of the BIA's
7  decision.

8  **IV.   Conclusion.**

9       Because Petitioner has failed to demonstrate that she will suffer an irreparable injury
10 if she is deported and that she is likely to succeed on the merits, she is not entitled to a stay
11 of removal and the Court need not assess the harm to the opposing party or weigh the public
12 interest. Cf. Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987) (if
13 the applicant shows no chance of success on the merits, the injunction should not issue).
14 Accordingly, the preliminary stay of removal previously entered in this case will be vacated.

15      **IT IS ORDERED** that Petitioner's Motion to Strike (Doc. #23) is **denied** and her
16 Objection (Doc. #21) is **overruled**.

17      **IT IS FURTHER ORDERED** that the Stay of Removal (Doc. #14) entered on
18 July 8, 2008 is **vacated**.

19      DATED this 22nd day of May, 2009.

David G. Campbell
United States District Judge